MICHELE BECKWITH
Acting United States Attorney
NICHOLAS M. FOGG
JESSICA DELANEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:22-CR-0068 DJC |
| Plaintiff, | **MOTION TO ADMIT SCHEME EVIDENCE** |
| v. | |
| SUNEET SINGAL, | |
| Defendant. | |

The United States submits this motion to respond to the Court's order that the parties brief the issue of whether the United States may move to admit into evidence testimony and documents regarding a merchant cash advance from June 2017 that was obtained by the defendant for First Capital Retail and First Capital Real Estate Investments.

On the first day of trial, the parties gave their respective opening statements.  During the government's opening statement, the government referenced the defendant obtaining a merchant cash advance in June 2017, which is during the scheme's charged timeframe. Although the defense did not object to this portion of the opening, defense made an oral motion after the parties' statements in which counsel sought to exclude at trial, evidence of this advance.  Alternatively, the defense asked the Court from some other, nondescript relief.  In response, the government argued that the June 2017 loan should not be excluded, nor should

1  other relief be granted.  The government argued that the loan constitutes relevant evidence to

2  prove the charged scheme to defraud.  As stated in the Indictment, the scheme began "in or

3  about March 2017, and continued through in or about July 2017."  ECF No. 1 ¶ 4.  The

4  purpose of the scheme was also "to induce financing companies to provide funds to

5  COMPANY 1 [i.e., FCR] and COMPANY 2 [i.e., FCREI] in the form of merchant cash

6  advances."  *Id.* ¶ 5.  Therefore, the June 2017 loan falls squarely within the alleged timeframe

7  of the scheme and is consistent with the scheme's purpose.

8  The Ninth Circuit has consistently found that such evidence is admissible in wire fraud

9  cases.  For example, in *United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016), the Ninth Circuit

10 held that uncharged transactions, even with additional, uncharged victims, are admissible to

11 prove a scheme to defraud in wire fraud cases.  This is because the crime charged in a wire

12 fraud count includes "not only the specific executions of the scheme alleged . . . but also the

13 overall scheme alleged as the first element of the offense."[1]  *Id.* at 1177.  "The uncharged

14 transactions, therefore, are part of the charged offense."[2]  *Id.*

15 Similarly, in *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013), the Court noted

16 that when a wire fraud scheme is charged, it not only includes "the specific executions of the

17 scheme alleged as the second element of the offense," but it also pertains to the "overall

18 scheme alleged as the first element of the offense."  In *United States v. Lo*, 839 F.3d 777, 793

19 (9th Cir. 2016), the Court reiterated "the commission of . . . a mail fraud or wire fraud offense

20 necessarily includes a fraudulent scheme as a whole . . . including additional executions of the

21 scheme that were not specifically charged."

22

23  [1] There are three elements for wire fraud:  "(1) the existence of a scheme to defraud; (2)
24  the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud."
    *Loftis*, 843 F.3d at 1176 (quoting *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013));
25  *accord* Ninth Cir. Model Crim. Jury Instr. 15.35.

26  [2] *Loftis* also noted that the inextricably intertwined doctrine would provide another
    avenue for the government to introduce evidence of uncharged transactions. In the context of
    mail and wire fraud "uncharged transactions that are part of an overall scheme" fall under the
27  inextricably intertwined exception to notice under Federal Rule of Evidence 404.  843 F.3d at
    1178.  That doctrine applies here, too, and serves as an additional basis to admit the disputed
28  evidence.

1    As the government previously argued, the Indictment alleges that the scheme was

2  ongoing through July 2017.  This more than covers the dealings associated with the June 2017

3  merchant cash advance.  The steps taken to obtain that advance are also part and parcel of

4  the charged scheme.  The defendant continued to execute the same scheme throughout the

5  charged timeframe; he applied to third-party financing companies for merchant cash advances

6  (ECF No. 1 ¶ 8); he falsely stated to all of the lenders, including the lender for the June 2017

7  advance, that he owned FCR and was authorized to act on its behalf (*id.* ¶ 9); and he placed,

8  or directed someone to place, a signature stamp on documents containing the false

9  statements (*id.* ¶ 10).  While the government did not charge as a specified count a wire or a

10  mailing associated with the application for the merchant cash advance in June 2017, evidence

11  of that transaction nevertheless serves as evidence to prove the first element of wire fraud.

12  This is particularly true where the same merchant lender for the June 2017 merchant cash

13  advance was also involved in an earlier May 2017 merchant cash advance charged as Count

14  9.

15    In *Loftis*, the court addressed whether evidence of transactions with additional investor

16  victims was admissible and found that it was.  If the uncharged transfers involving victims not

17  mentioned in an indictment were admissible in that case as proof of an ongoing scheme, one

18  additional transfer with a merchant lender associated with an indicted charge is certainly

19  admissible in this case.

20    Additionally, the defense has been on notice of the government's intent to introduce

21  documents associated with this June 2017 advance, and that the government considers this

22  transaction to be an additional, uncharged transaction that is part of the charged fraudulent

23  scheme.  This is evidenced by both the Government Exhibit List (ECF No. 63) and the Motion

24  to Admit Evidence Under 902(11) (ECF No. 72), which were filed on June 4, 2025.  The

25  unopposed Motion to Admit Evidence Under 902(11) included the two exhibits, Exs. 216 and

26  217, to which defense counsel now objects.  The defense also acknowledged the relevance of

27  this loan by listing the two exhibits of which they now complain in their Amended Defense

28  Exhibit List.  (ECF No. 85, Exs. GX & GY).

Based on the foregoing, this Court should deny the defendant's motion and allow the government to introduce documents and testimony related to the June 2017 merchant cash advance.

Dated:  June 17, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ JESSICA DELANEY

JESSICA DELANEY
NICHOLAS M. FOGG
Assistant United States Attorneys