WILLIAM J. PORTANOVA, State Bar No. 106193
Portanova & Associates
400 Capitol Mall, Suite 1100
Sacramento, CA 95814
Telephone: (916) 444-7900
Fax: (916) 444-7998
Email: Wjp@Portanova.com

MICHAEL J. ENGLE, *Admitted Pro Hac Vice*
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8737
Email: Mengle@Stradley.com

Attorneys for Defendant
SUNEET SINGAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNEET SINGAL,<br><br>    Defendant. | Case No. 2:22-CR-0068-DJC<br><br>**DEFENDANT SUNEET SINGAL'S MOTION TO EXCLUDE EVIDENCE OF UNCHARGED ACTS UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 403**<br><br><u>Jury Trial</u>:<br>DATE:  June 18, 2025<br>TIME:  9:00 a.m.<br>COURT:  Hon. Daniel J. Calabretta |

I.   **INTRODUCTION**

Suneet Singal is charged with eight separate counts of fraud stemming from five merchant loans extended April 2017 and May 2017. However, the government has expressed its intention to introduce evidence and elicit testimony concerning a wholly

1

unrelated and uncharged merchant loan transaction with Yellowstone Capital West LLC dated June 9, 2017 (the "Yellowstone Loan"). Defendant Suneet Singal moves *in limine* for an order excluding any such evidence pursuant to Rules 403 and 404(b) as inadmissible, unnoticed "other act" evidence, as well as being irrelevant, cumulative, and likely to mislead and confuse the jury.

II. **ARGUMENT**

*a. The "Yellowstone Loan" evidence should be excluded as unnoticed 404(b) evidence*

Evidence of "other acts" is excluded from the requirements of Rule 404(b) only where the evidence is "inextricably intertwined with the crime with which the defendant is charged." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) (holding that evidence regarding the defendant's possession of a small amount of methamphetamine was not "inextricably intertwined" with the charged crime of possession of a chemical used to manufacture methamphetamine). Courts allow the admission of "other act" evidence as inextricably intertwined with the charged crime where the evidence (1) "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) "when [the evidence is] necessary . . . in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012–13 (citations omitted).

However, "[w]here the evidence . . . is not part of the charged transaction and the prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defendant without it, the evidence is not admissible as being intrinsic to the charged offense." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013). "Coincidence in time is insufficient." *Vizcarra-Martinez*, 66 F.3d at 1013. Instead, "there must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of

2

1  Rule 404(b)." *Id.*

2  Here, the Yellowstone Loan clearly does not "constitute[] a part of the transaction
3  that serves as the basis for the criminal charge." *Martinez*, at 1012.  Instead, it is a
4  wholly unrelated loan that post-dates all six of charged loans in the original indictment.
5  This unrelated Yellowstone Loan is manifestly not "necessary . . . to permit the
6  prosecutor to offer a coherent and comprehensible story regarding the commission of
7  the crime." *Id.*. Likewise, the government "would encounter little difficulty in presenting
8  the evidence relevant to its case against [Mr. Singal] without it." *Anderson*, 741 F.3d at
9  950.

10  The government failed entirely to provide requisite notice of its intent to present
11  evidence regarding the Yellowstone Loan or of the purpose for which it was to be offered
12  and since the Loan is not "inextricably intertwined" with the charged conduct, evidence of
13  it should be excluded.

14

15  *b. The Yellowstone Loan Should Be Excluded as Needlessly Cumulative and Likely*
16      *to Mislead or Confuse the Jury*

17  Even if the court were to find the Yellowstone Loan evidence admissible under
18  Rule 404(b) it should still be excluded as its prejudicial impact substantially outweighs its
19  probative value." "'Unfair prejudice' within its context means an undue tendency to
20  suggest decision on an improper basis, commonly, though not necessarily, an emotional
21  one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted). With
22  respect to a criminal defendant, unfair prejudice "speaks to the capacity of some
23  concededly relevant evidence to lure the factfinder into declaring guilt on a ground
24  different from proof specific to the offense charged." *Id.* (citation omitted).

25  The government argues that the Yellowstone Loan evidence is required for it to
26  demonstrate a "scheme to defraud."  However, this transaction post-dates any of the
27  conduct charged in the Indictment.  The Indictment does not allege a conspiracy, but
28  rather eight individual counts of mail and wire fraud.  Given that these transactions are

3

individually charged rather than charged under a continuing offense theory, the relevance of some subsequent loan transaction is attenuated at best.

To the extent that the government's intent in presenting this evidence is to substantiate a "scheme to defraud," it is needlessly cumulative.  The eight charged offenses all proceed from an identical theory of fraud: Mr. Singal falsely represented himself as the owner of a business to obtain loans. The jury has already heard from four lenders who testified four separate times to every aspect of the Merchant Advance application, underwriting and funding processes.  Likewise, each lender's representative testified as to the materiality of any alleged misrepresentation regarding ownership of the underlying company to its decision to extend funding. The defense anticipates that the government will put on a representative of Yellowstone Capital tomorrow to give the exact same testimony regarding its respective charged loan.  Any evidentiary purpose served by the presentation of an additional subsequent loan from the same lender is needlessly cumulative.

Moreover, admission of the Yellowstone Loan will likely confuse the jury as to the factual findings they are being asked to make.  The government has charged eight individual counts of fraud, each with its elements and each element with its evidentiary burden.  Introducing an additional uncharged transaction needlessly muddies the issues.  Presenting the Yellowstone Loan, particularly in the absence of compelling, non-cumulative relevance introduces the possibility of the jury returning a verdict based on uncharged conduct.  While the government might not intend to "constructively amend" the Indictment in this way, that is exactly what the presentation of the Yellowstone Loan is likely to do.

Fundamentally, the probative value of additional cumulative evidence of a "scheme to defraud" is conclusively outweighed by its prejudicial impact.

//

//

//

4

### III. **CONCLUSION**

For the foregoing reasons, Mr. Singal respectfully requests that this Court grant his Motion *in Limine* to exclude the Yellowstone Loan.

DATED: June 17, 2025                              Respectfully submitted,


                                                  */s/ William J. Portanova*
                                                  WILLIAM J. PORTANOVA
                                                  Portanova & Associates

                                                  MICHAEL J. ENGLE
                                                  Stradley Ronon Stevens & Young, LLP


                                                  Attorneys for Defendant SUNEET SINGAL

5