MICHELE BECKWITH
Acting United States Attorney
NICHOLAS M. FOGG
JESSICA DELANEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>           v.<br><br>SUNEET SINGAL,<br><br>                        Defendant. | CASE NO. 2:22-CR-0068 DJC<br><br>**USA MOTION IN LIMINE TO PRECLUDE IMPROPER QUESTIONING AND ARGUMENT**<br><br>DATE: June 17, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

The government moves this Court for an order that precludes the defendant from questioning witnesses or arguing to the jury that there exists a contradiction between the government's position in this case and the one taken by the SEC in its civil action against the defendant. Contrary to defendant's opening statement and cross examination of one witness (so far), the SEC explicitly alleged in its civil complaint against defendant that he did sell First Capital Retail (FCR). Allowing defendant to further misrepresent the SEC complaint constitutes both improper questioning and improper argument. Therefore, the court should preclude both.

I.     **DEFENSE STATEMENTS DURING TRIAL REGARDING THE SEC**

On June 16, 2025, defense counsel delivered an opening statement. During that opening statement, defense counsel alleged that another government agency had conducted an investigation and determined that defendant, Mr. Singal, had failed to sell FCR. Defense

counsel further stated that this separate government agency investigation was incompatible with the current prosecution, and that the government couldn't "have it both ways." On June 17, 2025, defense counsel conducted cross-examination of a witness, Jeffrey McClure. During cross-examination, defense counsel asked Mr. McClure whether he was familiar with an SEC complaint filed against Mr. Singal. Defense counsel asked Mr. McClure whether he was familiar with a portion of the complaint in which it was alleged that Mr. Singal had failed to divest his interest in FCR.

## II. THE SEC COMPLAINT AGAINST DEFENDANT REPEATEDLY ALLEGES THAT HE SOLD FCR ON FEBRUARY 23, 2017

In December 2019, the SEC filed its civil complaint against defendant. SEC Compl., ECF No. 1, no. 1:19-cv-11452-MKV (S.D.N.Y.), attached hereto as Exhibit A.[1] Contrary to the purported factual predicate for defense counsel's opening statement and cross-examination of Mr. McClure, the SEC complaint did not allege that defendant had failed to divest his interest in FCR. For example, in its initial description of FCR, the SEC alleged that defendant sold it on February 23, 2017:

> **Company A**, at all relevant times, was a Nevada limited liability company headquartered in California that owned and operated franchised fast food locations that sold baked goods. Singal, through FC Private, owned 100% of the membership interests in Company A until February 23, 2017, at which point Singal sold 100% of the membership interests to the person who had been managing the day-to-day operations of the business for him (the "Company A Manager") in exchange for an $11.5 million promissory note. Company A filed for bankruptcy on September 14, 2017.

Exhibit A, (Def. Ex. DV,) ¶ 19.

This initial allegation remains unchanged throughout the complaint. Indeed, in Paragraph 96, the SEC again alleges that Mr. Singal sold FCR to Mr. Prasad on February 23, 2017, a day before the BDC loan funded. Paragraph 97 restates that a sale occurred.

---

[1] The court may take judicial notice of the complaint filed on the public docket, and other filings, which are available through PACER. *See*, *e.g.*, *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

Paragraph 100 of the SEC complaint further alleges that Singal sold all the membership interests in FCR, on February 23, 2017, but retained control over its management and policies. In fact, the SEC complaint consistently maintains that Mr. Singal sold FCR.

At no point does the SEC complaint allege that Mr. Singal failed to sell the company. Instead, the complaint alleges that he "never disclosed his conflicts of interest to the BDC's independent directors—namely, that he continued to control Company A after he sold it, and that he misappropriated and misdirected money, including BDC loan proceeds, from Company A to support his private businesses following the sale." Exhibit A, ¶ 108.

Further, the SEC complaint appears to be the SEC's definitive statement of its position in its civil action against defendant. From the date of the filing of the SEC complaint, the docket of the civil action contains no substantive filings by the SEC regarding the case against defendant until the final judgment.[2] The final judgment against defendant in the SEC action disclaims any admissions to the substantive allegations in the complaint. Final Judgment at 1, ECF No. 45, no. 1:19-cv-11452-MKV (S.D.N.Y.).

### III.    LAW AND ANALYSIS

#### A.    Improper Questioning

During cross-examination, an attorney may ask questions if he has a good-faith basis. *United States v. Beck*, 625 F.3d 410, 418 (7th Cir. 2010); *United States v. Ramirez*, 617 Fed. Appx. 945, 947 (11th Cir. 2015). The Ninth Circuit has long acknowledged that there is danger in allowing counsel to ask, on cross-examination, questions that leave "uncontroverted the insinuation" of bad conduct. *United States v. Rushton*, 963 F.2d 272, 274 (9th Cir. 1992) (quoting *United States v. Davenport*, 754 F.2d 1460, 1464 (9th Cir. 1985)). In *Rushton*, the Court established a requirement that the government demonstrate good faith

---

[2] Defendant's counsel in the SEC civil action understood the SEC to allege that defendant sold FCR. In their answer to the complaint, they admitted that "Singal, through FC Private, owned 100% of the membership interests in Company A until February 23, 2017, and that on February 23, 2017 Singal, through FC Private, sold 100% of the membership interests to a person who had a role in managing the day-to-day operations of the business in exchange for an $11.5 million promissory note to FC Private." Answer, ¶ 19, ECF No. 24, no. 1:19-cv-11452-MKV (S.D.N.Y.).

before asking a question that a defendant committed certain misconduct. In that case, as in *Davenport*, the court was concerned with "preventing an unjustified innuendo from coming to the attention of the jury." *Davenport*, 754 F.2d at 1463. Though those cases address the need for good faith before cross-examination under Rule 608, their reasoning is instructive. The jury should not be provided with an untrue inference through the vehicle of cross-examination, particularly not when the questioning attorney knows the inference to be untrue.

Here, if defense counsel was not previously on notice that the SEC complaint does not make the allegations they have brought up in court, they are now aware and should be prohibited from misstating facts about the complaint when questioning witnesses.[3]

### B.  Preventing Improper Argument

Based upon the defense counsel's opening and cross-examination, the government anticipates that defense counsel may attempt to reference the SEC complaint during closing argument. It is axiomatic that counsel may not make arguments based upon facts outside the record. *Draper v. Rosario*, 836 F.3d 1072, 1083 (9th Cir. 2016). At this point, the SEC complaint has not been admitted into evidence, and it is unclear how it could be. One witness, Mr. McClure, testified, in response to a leading question, that he read the SEC complaint a while ago. On redirect by government counsel, he acknowledged that he is uncertain of the exact language of the complaint. Accordingly, the language of the complaint is not in evidence.

Consequently, defense counsel should not be able to refer to that legal document, which has not been admitted into evidence. By doing so, he is essentially espousing his view of the way the SEC complaint and the Indictment interact. He is injecting his legal expertise, and thereby his personal opinion, into the case. The prohibition on this form of communication extends beyond government prosecutors and extends to defense counsel as well. *See Draper*, 836 F.3d at 1084 (citing *United States v. Young*, 470 U.S. 1, 8-9 (1985)).

---

[3] It should be noted that the SEC complaint contains significant additional allegations against Mr. Singal, which have not been addressed in this Court, and which the government does not intend to introduce in this trial.

MOTION IN LIMINE TO PRECLUDE IMPROPER QUESTIONING AND ARGUMENT

4

The requirement that closing arguments be given in good faith is not constrained to the prosecution in criminal cases. The Supreme Court has stated, "It is clear that counsel on both sides of the table share a duty to confine arguments to the jury within proper bounds. Just as the conduct of prosecutors is circumscribed, [the] interests of society in the preservation of courtroom control by the judges are no more to be frustrated though unchecked improprieties by defenders.'" *United States v. Young*, 470 U.S. 1, 8 (1985), (quoting *Sacher v. United States,* 343 U.S. 1, 8, 96 L. Ed. 717, 72 S. Ct. 451 (1952)). That is because "[d]efense counsel, like his adversary, must not be permitted to make unfounded and inflammatory attacks on the opposing advocate." *Id.*

Defense counsel should not be permitted to misconstrue the language in the SEC complaint while giving his closing argument. Indeed, defense counsel should not be permitted to make reference to the complaint at all, lest it lead to improper advocacy.

### IV.   CONCLUSION

For the foregoing reasons, the United States respectfully moves this Court to prohibit defendant from (1) questioning witnesses using misleading and inaccurate representations of the allegations in the SEC complaint, (2) making arguments alleging that the Department of Justice and the SEC have taken contradictory positions on the question of defendant's sale of FCR, and (3) making false representations about the allegations contained in the SEC complaint.

Dated:  June 17, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ JESSICA DELANEY
JESSICA DELANEY
NICHOLAS M. FOGG
Assistant United States Attorneys